COWART, Judge,
concurring specially:
I am for affirming the trial court, not because it was harmless error for the trial judge to not give the requested jury instruction regarding impeachment and not because the instruction which was given related to the specific evidence offered for impeachment purposes, but because I do not consider any instruction on impeachment essential or its omission error. Impeachment as a legal concept relates only to the legal reason or purpose for the admissibility of a certain class of evidence. Obviously if such evidence is not admitted the jury cannot consider it and, just as obviously, if it is *1122 admitted they can. The jury need not be told that they can consider matters admitted in evidence; that is the very reason all evidence is admitted and is self-evident. The jury innately understands this. The trial judge in instructing the jury should not be required to illustrate the obvious, explain the evident, or expatiate the commonplace.
Neither does the trial judge need to explain the specific purpose for which the proponent offered and the court permitted the introduction of particular evidence, except in a few instances where evidence is received for a limited purpose and a cautionary or limiting instruction is proper.[1] Substantive law does not require that the jury give any particular weight to evidence admitted for the purpose of impeachment. If such evidence genuinely detracts from the credibility of a witness then the jurors will naturally give it that effect; if they do not, then it had no value for that purpose anyway. Either way no instruction is needed. Counsel can argue to the jury the weight that admitted evidence should be given and the reasons. There should not be a standard jury instruction on impeachment evidence. Requiring the trial court to explain to the jury the purpose for which the various items of impeaching evidence was offered and to instruct them that they “should consider such evidence” gives it undue emphasis and weight for that purpose. This should not be done.

. As in similar fact evidence. See § 90.404(2), Fla.Stat. (1979).